PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KRISCEDA C. McDANIEL, ) | |
| ) | CASE NO. 5:16-CV-2096 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| PLAIN LOCAL SCHOOL BOARD, *et al*., ) | |
| ) | |
| Defendants. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** [Resolving ECF No. 2] |

*Pro se* Plaintiff Krisceda C. McDaniel has filed this *in forma pauperis* civil rights action against the Plain Local School Board and individual Defendants Brent May, Steve Monte, Craig Anderson, Debbie Compson, Randy Hahn, and Sue Armour (deceased). Plaintiff alleges that she was hired as a Bus Aide for the Plain Local Schools during the 2013, 2014, and 2015 school years. ECF No. 1-3 at PageID #: 20. While employed as a Bus Aide, Plaintiff alleges that she "brought to the attention of [her] supervisor, the administration, and [her] union" that she was treated differently than other bus aides in terms of the conditions of her employment. ECF Doc. No. 1-3. Plaintiff also alleges that her contract as a Bus Aide was not renewed for the 2016 school year. ECF No. 1-2. Liberally construed, Plaintiff's Complaint (ECF No. 1) alleges that the disparate treatment she experienced as a Bus Aide and her contract non-renewal constitute unlawful discrimination on the basis of her race and/or age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq..

(5:16-CV-2096)

## I. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it is frivolous or malicious, fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Hill v. Lappin,, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555.

## II. Law and Analysis

Upon review, the Court finds the Complaint (ECF No.1) must be dismissed, in part, because it does not plausibly suggest a viable federal civil rights violation against individual Defendants. Furthermore, the Court finds that Plaintiff failed to plead sufficient facts to state a plausible claim for relief under the ADEA against Defendant Plain Local School Board.

    **A.   Claims Against Individual Defendants**

(5:16-CV-2096)

Title VII protects employees from discrimination on the basis of their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). A person aggrieved by such discrimination may bring a civil action against the "employer." 42 U.S.C. § 2000e-5(b). There is no remedy under Title VII and the ADEA against a co-worker or a supervisor in his or her individual capacity. *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."). *See also Liggins v. State of Ohio*, 210 F.3d 372 (6th Cir. 2000) ("named [state employee] defendants, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes [including the ADEA], and accordingly cannot be held personally liable for discrimination").

Similarly, courts have held that Union officials may not be held liable for discrimination in their individual capacities under Title VII and the ADEA. *See Mathis v. CWA Local Union 4320*, No. 2:10–CV–1093, 2011 WL 3497189 (S.D. Ohio Aug. 9, 2011); *Burrell v. Henderson*, 483 F. Supp.2d 595, 600–01 (S.D. Ohio 2007) (president of labor union cannot be liable in her individual capacity under ADEA and similar statutory schemes).

It is apparent from the allegations set forth in the Complaint that each individual Defendant was either Plaintiff's co-worker (Defendants Anderson, Compson, and Armour) or supervisor (Defendants May and Monte), or was a union representatives (Defendant Hahn). Accordingly, Plaintiff has not alleged a cognizable claim and her Complaint must dismissed against all of the individual defendants pursuant to 28 U.S.C. §1915(e)(2)(B).

3

(5:16-CV-2096)

### B. ADEA Claim Against Former Employer

"The ADEA prohibits an employer from failing or refusing to hire, discharging, or discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806 (6th Cir. 2011); 29 U.S.C. § 623(a)(1). To successfully plead an ADEA claim, a plaintiff must plausibly allege sufficient facts to establish that she was: (1) between 40 and 65 years old; (2) qualified for the particular position; (3) subjected to adverse employment action; and (4) replaced by a younger individual. *Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 341 (6th Cir. 1998). Here, Plaintiff has failed to plead sufficient facts to address each of these elements.

Accordingly, while Plaintiff may pursue a claim of discrimination under Title VII against her former employer, Defendant Plain Local School Board, Plaintiff has not alleged a cognizable claim under the ADEA. Therefore, Plaintiff's ADEA claim is dismissed without prejudice to it being amended pursuant to Federal Rule of Civil Procedure 15.

### III. Conclusion

Plaintiff's motion and application to proceed *in forma pauperis* (ECF No. 2) is granted. For the reasons stated above, her Complaint is dismissed against Defendants May, Monte, Anderson, Compson, Hahn, and Armour pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's ADEA claim against Defendant Plain Local School Board is dismissed without prejudice to it being amended pursuant to Rule 15. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

(5:16-CV-2096)

      This action shall proceed only against Defendant Plain Local School Board. The Clerk's Office is hereby directed to forward the appropriate documents to the U.S. Marshal for service of process on Defendant Plain Local School Board, and a copy of this order shall be included with the documents to be served.

      IT IS SO ORDERED.

| | |
|---|---|
|  December 20, 2016  |    */s/ Benita Y. Pearson*     |
| Date | Benita Y. Pearson |
| | United States District Judge |